IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAXWELL HESTER, for himself and two classes,  )
                                                                                          )
            Plaintiff,                            )
                                                                                          )
    v.                                           )
                                                                  )
ADMIN RECOVERY LLC,           )
                                                                  )
            Defendant.                          )

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. Maxwell Hester seeks redress from Admin Recovery LLC for unfair collection practices, contrary to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction exists per 15 U.S.C. §1692k and 28 U.S.C. §§1331 and 1337.

3. Venue and personal jurisdiction over defendant are proper, because Admin Recovery does business in, and sends collection letters into, this District.

### PARTIES

4. Maxwell Hester lives in Chicago, Illinois.

5. Admin Recovery – a New York limited liability company located at 45 Earhart Drive, Suite 102, Williamsville, New York 14221 – is a "debt collector" as defined by 15 U.S.C. §1692a. Licensed as a collection agency under Illinois state law, and acting in the general course of trade and commerce, Admin Recovery uses the mail, telephone and electronic wire systems to collect money on consumer debts originated by others.

**FACTS**

6.     On December 24, 2014, Admin Recovery sent <u>Exhibit A</u> to Hester's residence, to collect on an internet loan purportedly originated by Western Sky Financial LLC (doing business as "Western Sky"), which Hester obtained for personal, family or household purposes,

7.     The loan provided by Western Sky was illegal under Illinois law.  Per <u>Exhibit B</u>, Western Sky could not make loans to Illinois residents   at any annual interest rate exceeding nine percent (under 815 ILCS 205/4, the civil usury statute), or at any rate exceeding twenty percent (under 720 ILCS 5/17-59, the criminal usury statute).   Western Sky could not impose interest rates over these levels, as it held no lending license as required by Illinois law.   It nevertheless did so; the loan provided to Hester, and similar loans given to many other Illinois consumers, imposed interest exceeding the limits described here several times over.

8.     Western Sky's practices have been investigated by numerous state authorities over the past several years.   For example, the Attorney General of New York sued Western Sky and affiliates for lending practices committed contrary to New York law.   *New York v. Western Sky Financial LLC et al*, No. 0451370-2013 (N.Y. Co. Sup. Ct. Aug. 12, 2013).   This suit settled in January 2014; under the settlement's terms, the defendants would refund excess interest, and pay $1,500,000 in penalties.   (See http://www.ag.ny.gov/press-release/ag-schneiderman-announces-settlement-western-sky-financial-and-cashcall-illegal-loans (accessed January 20, 2015).)

9.     As the debt Admin Recovery tried to collect through <u>Exhibit A</u> was illegal under Illinois law, demanding payment of it was a false and unfair collection practice.

10. Under 15 U.S.C. §§1692e, 1692e(2)(A), and 1692e(10), a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," and specifically may not use any "false representation of... the character, amount, or legal status of any debt [or] any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

11. Under 15 U.S.C. §1692f, a debt collector "may not use unfair or unconscionable means to collect or attempt to collect any debt," including pursuit of "any amount… unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

12. As to the Western Sky loans it attempted to collect from Illinois residents (including Hester), Admin Recovery either (A) knew that the loans were illegal and unenforceable, or (B) should have known, and would have known (if it had done reasonably diligent research into Western Sky's practices), that the loans were illegal and unenforceable.

### COUNT ONE

13. As explained above, Admin Recovery violated 15 U.S.C. §§1692e and 1692f.

### CLASS ALLEGATIONS

14. Hester seeks relief for a class under Fed.R.Civ.P. 23(b)(3) that includes all persons in Illinois from whom Admin Recovery attempted to collect on a Western Sky loan, at any time after a date one year prior to the filing of this action, and less than 20 days after the filing of this action.

15. On information and belief, there are at least 40 members of the class.

16. There are questions of law and fact common to the class, which predominate over any individualized questions. The predominant common question is whether collecting on an illegal loan violates the FDCPA.

17. Hester's claim is typical of the claims of the class members, as it is based on the same facts and legal theories.

18. Hester will fairly and adequately represent the class members. He has retained counsel experienced in class actions and consumer protection litigation, and has no interests that conflict with fellow consumers in the class and the subclass.

19. A class action is superior to other claim resolution methods, for (A) individual actions are not economically feasible, (B) members of the class are likely to be unaware of their rights, and (C) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, plaintiff seeks judgment for himself and the class, awarding

(A) statutory damages under 15 U.S.C. §1692k,

(B) actual damages,

(C) attorney's fees, expenses and costs, and

(D) all other proper relief.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN COMBS LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a Court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

## DOCUMENT PRSERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

/s/ Daniel A. Edelman
Daniel A. Edelman